IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MIREYA V.,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | No. 3:17-CV-03395-BT |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mireya V.[1] seeks judicial review of a final adverse decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is AFFIRMED.

**Background**

Plaintiff alleges that she is disabled due to a variety of impairments, including a depressive disorder, complications resulting from breast cancer, breast cancer surgeries, and a broken left wrist. Pl.'s Br. 2 (ECF No. 22). Plaintiff's application for a period of disability and disability insurance benefits was denied initially and on reconsideration. Admin. R. 19 (ECF No. 15-1). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on

---

[1]     The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

December 14, 2016. *Id.* At the time of the hearing, Plaintiff was 54. *Id.* 24. She has a limited education and past work experience as a cleaner and a house worker. *Id.* 24, 26. Plaintiff has not engaged in substantial gainful activity since June 30, 2014. *Id.* 22.

The ALJ found that Plaintiff was not disabled and, therefore, was not entitled to disability benefits. *Id.* 28. Although the ALJ found that Plaintiff's condition post breast cancer, breast cancer surgeries, broken wrist, and depression constituted severe impairments, these impairments did not meet or medically equal the severity of a listed impairment in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. *Id.* 22. The ALJ determined Plaintiff had the residual functional capacity ("RFC") for a limited range of medium work, except that she could perform only simple, routine tasks. *Id.* 23. The ALJ further determined that while Plaintiff could not return to her past relevant work, she could work as a dining room attendant, food service worker, and industrial cleaner—jobs that exist in significant numbers in the national economy. *Id.* 22, 26-27.

Plaintiff filed a request for review with the Appeals Council of the Social Security Administration, but the Appeals Council declined to review the ALJ's hearing decision. Compl. 2 (ECF No. 1). Plaintiff then filed this action in federal district court, in which she contends the ALJ did not properly evaluate a consultative examiner's opinion, which affected the resulting determination of Plaintiff's RFC.

## Legal Standards

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir.1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

To determine whether there is substantial evidence of disability, the Court weighs four elements: "(1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain

and disability; and (4) [her] age, education, and work history." *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). With respect to claims filed before March 27, 2017, the ALJ must evaluate medical opinion evidence in the manner prescribed by 20 C.F.R. § 404.1527. Unless controlling weight is given to a treating source's opinion per § 404.1572(c)(2), an ALJ is to consider the following factors in determining the weight to give to "any medical opinion:" (1) the physician's examining relationship; (2) the nature and extent of the treatment relationship: length of treatment and frequency of examination; (3) the support a medical source presents for its opinion, in terms of objective evidence and explanation; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician; and (6) other factors, including a medical source's amount of understanding of "our disability programs and their evidentiary requirements." *Id.* § 404.1572(c). "A treating source's medical opinion is entitled to controlling weight if it is (1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) 'not inconsistent with' other substantial evidence." *Bentley v. Colvin*, 2015 WL 5836029, at *7 (N.D. Tex. Sept. 30, 2015) (quoting 20 C.F.R. § 404.1572(c)(2); citing *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000)). Medical sources other than treating sources do not carry the same "considerable weight," but they still must be considered. *See Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008) ("Wong performed a one-time consultative examination of Robinson and therefore is not due special deference as a treating physician."); *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017)

("[T]he regulations make clear that opinions from examining physicians must be considered.").

## Analysis

The ALJ found Plaintiff not disabled at the fifth step of the sequential evaluation[2] because she determined based on Plaintiff's age, education, work

---

[2] The Commissioner uses the following five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act:

> 1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.
>
> 4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). At step five, the burden shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.*

experience, and RFC that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Admin. R. 26. In making this determination, the ALJ relied on vocational expert ("VE") testimony that an individual of Plaintiff's age with her education, work experience, and RFC, would be able to perform the following medium, SVP-2, unskilled representative occupations: dining room attendant, food service worker, and industrial cleaner. *Id.* 27. Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because she failed to properly consider a medical opinion from a consultative examiner, S.A. Somodevilla, PhD, and that, as a result, the ALJ's determination that Plaintiff is not disabled is similarly unsupported. Pl.'s Br. 5-6.

Dr. Somodevilla, a psychologist, evaluated Plaintiff's mental status in March 2105 and diagnosed Plaintiff with major depressive disorder, recurrent, severe. Admin. R. 241. He concluded Plaintiff had the mental functional capacity to carry out and remember simple, one-two step instructions, that her ability to sustain concentration and persistence is "at best[,] fair," and that her ability to maintain effective social interaction on a consistent basis and her ability to deal with work pressures will be "poor." *Id.* The ALJ specifically considered this evidence in making her disability determination and stated in her written decision that she "[gave] great weight to the functional capacity opined by Dr. Somodevilla." Admin. R. 25. The written decision shows that the ALJ correctly noted that Dr. Somodevilla diagnosed Plaintiff with recurrent, severe major depressive disorder, and determined that she had a limited ability to understand, carry out, and remember

6

instructions. *Id.* The ALJ also acknowledged that Dr. Somodevilla opined Plaintiff had no more than a "fair" ability to sustain concentration and persistence and a "poor" ability to maintain effective social interaction and deal with work pressures. *Id.* In view of Dr. Somodevilla's opinion, the ALJ concluded that Plaintiff can perform simple, routine tasks. *Id.* 23 (emphasis added).

According to Plaintiff, the ALJ erred in not finding her disabled based on Dr. Somodevilla's opinion. Plaintiff contends that had the ALJ properly considered Dr. Somodevilla's opinion, she would be considered disabled "due to not being able to perform sustained work on a regular and continuing basis." *Id.* 6. Plaintiff, however, conflates the ALJ's duty to consider Dr. Somodevilla's opinion with the ALJ's determination to adopt it only to the extent supported by other medical evidence.

Under the Social Security Regulations, every medical opinion received must be evaluated. 20 C.F.R. § 404.1527(c). Plaintiff cites *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000), for the proposition that "the ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." (citations omitted). However, the ALJ determines the weight to give to a medical opinion under the factors set forth in 20 C.F.R. § 404.1527(c). One factor is "the consistency of the opinion with the record as a whole." *Id.* It cannot be considered "picking and choosing" when an ALJ considers evidence but does not assign it great weight based on a determination under the relevant factors, including because it is inconsistent with the record as a whole.

7

Dr. Somodevilla's opinion is not the only piece of evidence that the ALJ considered to reach her conclusion that Plaintiff has the RFC to perform less than the full range of medium work, as defined by 20 C.F.R. § 404.1567(c). The ALJ considered "the subjective complaints of the claimant, the claimant's medical history, and the medical opinions of record." Admin. R. 23, 25-26. One of the other medical opinions in the record is that of Mischca Scales, PhD, a state agency medical consultant, who on reconsideration opined that Plaintiff's mental impairment was severe. Admin. R. 69. Dr. Scales determined Plaintiff could understand, remember, and carry out detailed, but not complex instructions. *Id.* Dr. Scales also found that Plaintiff could make decisions, attend and concentrate for extended periods, accept instructions, and respond appropriately to changes in the routine work settings. *Id.* The ALJ's disability determination, which is consistent with Dr. Somodevilla's and Dr. Scales's opinions, is supported by substantial evidence.

Plaintiff briefly asserts that the ALJ erred in determining Plaintiff's RFC because she did not consider the VE's testimony regarding off-task time and absences from work. Pl.'s Br. 6. The VE testified in response to Plaintiff's counsel's hypothetical regarding light work, that there would be no jobs in the economy for an employee who would be off-task 15% of an eight-hour work day, or 40-hour work week, and miss work three days per month. Admin. R. 54-55. That testimony is irrelevant, however, because, in this case, the ALJ found that Plaintiff is capable of performing medium work with limitations. *Id.* 23. Further, the ALJ did not find

that Plaintiff would be off-task 15% of an eight-hour day, or 40-hour week, or that she would miss three work days per month. *See id.* 23-26. Thus, the ALJ did not err in determining Plaintiff's RFC by not considering the VE's testimony regarding hypothetical off-task time and absences from work. Accordingly, the ALJ's determination that Plaintiff is not disabled is not undermined by an improper RFC finding.

## Conclusion

The ALJ applied the correct legal standards and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. The hearing decision is AFFIRMED in all respects.

**SO ORDERED**.

January 10, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE